**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Roger William Bannister,

        Plaintiff,

                          Civ. No. 07-1662 (RHK/AJB)
                          **MEMORANDUM OPINION AND
                          ORDER**

v.

Bemis Company, Inc.,

        Defendant.

Brian E. Cote, Cote Law Office, Minneapolis, Minnesota, for Plaintiff.

Matthew E. Damon, David A. James, Halleland Lewis Nilan & Johnson P.A., Minneapolis, Minnesota, for Defendant.

**INTRODUCTION**

This matter is before the Court on Plaintiff Roger Bannister's Motion for Attorney's Fees (Doc. No. 48). For the reasons set forth below, Bannister's Motion will be denied.

**BACKGROUND**

This case arises out of a noncompete agreement between Bannister and Bemis Company, Inc. ("Bemis"). That agreement included a choice-of-law provision, which provides that "[t]he validity, construction, interpretation, and enforceability of this Agreement . . . shall be governed by [Arkansas law]." (Cote Aff. Ex. A at 4.) Bannister alleged that Bemis violated the agreement when it refused to pay his monthly base salary

after his termination. The Court agreed with Bannister and granted his motion for summary judgment on this claim.

Bannister now seeks attorney's fees under Arkansas law, which allows a court to award "a reasonable attorney's fee" to the "prevailing party" in an action for breach of contract. Arkansas Code § 16-22-308. Bemis opposes Bannister's Motion, arguing that the noncompete agreement does not specify that attorney's fees are recoverable and that the matter is governed by Minnesota law, which does not allow for the recovery of attorney's fees in a breach-of-contract case.[1] (Def.'s Opp'n Mem. at 3-6.)

## ANALYSIS

As a federal court sitting in diversity, this Court must apply state substantive law and federal procedural law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). "In a diversity case, state law generally governs the question whether there is a right to attorney's fees." Ferrell v. West Bend Mut. Ins. Co., 393 F.3d 786, 796 (8th Cir. 2005) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975)). Indeed, as long as state law "does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state should be followed." Alyeska, 421 U.S. at 259 n.31. Here, there is no applicable federal statute and therefore the right to attorney's fees is a substantive issue for Erie purposes, and accordingly, state rather than federal law applies. See Ferrell, 393 F.3d at 796.

---

[1] The Court afforded Bannister the opportunity to file a reply memorandum, but he declined to do so. Consequently, he did not address the choice-of-law issue raised by Bemis.

At first glance, it appears that the Court's analysis should end here and conclude that Arkansas law applies because that is what the parties agreed to in their choice-of-law provision. It is true that Minnesota courts are "committed to the rule that parties may agree that the law of another state shall govern their agreement and will interpret and apply the law of another state where such an agreement is made." Milliken & Co. v. Eagle Packaging Co., 295 N.W.2d 377, 380 n.1 (Minn. 1980) (internal quotation omitted). But this general contractual choice-of-law provision does not replace Minnesota's procedural law. See U.S. Leasing v. Biba Info. Processing Servs., Inc., 436 N.W.2d 823, 825-26 (Minn. Ct. App. 1989) (holding Minnesota's procedural law governed statute-of-limitations conflict despite choice-of-law provision designating Massachusetts law to govern the parties' dispute). In other words, the law of the forum state governs matters of procedure and remedies. Davis v. Furlong, 328 N.W.2d 150, 153 (Minn. 1983). "If the parties wish for the application of another state's law concerning such procedural and remedial matters, they must expressly state it in their agreement." Schwan's Sales Enters., Inc. v. SIG Pack, Inc., 476 F.3d 594, 596 (8th Cir. 2007) (citing U.S. Leasing, 436 N.W.2d at 826). In this case, the noncompete agreement does not have a choice-of-law provision that *expressly* governs *procedural* matters. Accordingly, the Court must engage in a choice-of-law analysis to determine whether to apply Minnesota or Arkansas law.

Although the Court concludes that the right to attorney's fees is substantive for Erie purposes – and therefore it must apply some state's law to the issue – it does not follow that it is substantive for purposes of the choice-of-law inquiry. See Schwan's, 476

3

F.3d at 596 (citing Sun Oil Co. v. Wortman, 486 U.S. 717, 726 (1988)).  The United States Supreme Court has made clear that there is not "an equivalence between what is substantive under the Erie doctrine and what is substantive for purposes of conflict of laws."  Sun Oil Co., 486 U.S. at 726.  Consequently, the Court will apply Minnesota's choice-of-law principles to determine which state's law applies with respect to an award of attorney's fees.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) (explaining that a federal district court is to apply the conflict-of-law principles of the state where the district court sits).

Under Minnesota choice-of-law principles, the first inquiry is whether an actual conflict of law exists.  Nodak Mut. Ins. Co. v. Am. Family Mut. Ins., 604 N.W.2d 91, 93-94 (Minn. 2000).  A conflict exists if application of either state's law would determine the outcome of the case.  Id. at 94.  The Court concludes that an actual conflict exists between Minnesota law and Arkansas law.  Under Arkansas law, a "prevailing party" may recover attorney's fees in a breach of contract action.  Arkansas Code § 16-22-308.  Under Minnesota law, however, there is no statute that allows for the recovery of attorney's fees in a case of this nature.  Thus, application of either state's law would be outcome determinative.

The next inquiry is whether the application of either state's law would be constitutional, that is, whether the state has sufficient contacts to the underlying litigation that application of its law would be "neither arbitrary nor fundamentally unfair."  Jepson v. Gen. Cas. Co., 513 N.W.2d 467, 469-70 (Minn. 1994).  Here, Bannister worked at Bemis's facility in Arkansas and the parties entered into the noncompete agreement there.

4

These contacts are sufficient for the Court to apply Arkansas law.  Likewise, Minnesota has sufficient contacts because Bemis has a facility in Minnesota and its headquarters was previously located in Minnesota.  Therefore, the Court concludes that Minnesota and Arkansas each have sufficient contacts with this dispute such that the law of either state could be constitutionally applied.

Finally, the Court considers whether the conflict is substantive or procedural under the law of the forum state.  Nesladek v. Ford Motor Co., 46 F.3d 734, 736 (8th Cir. 1995) (citing Gate City Fed. Sav. & Loan Ass'n v. O'Connor, 410 N.W.2d 448, 450 (Minn. Ct. App. 1987)).  If procedural, the court applies the law of the forum state and the analysis ends.  Nesladek, 46. F.3d at 736.  If substantive, the court considers the following five factors to determine which law to apply: (1) predictability of result, (2) maintenance of interstate order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) the better rule of law.  Nodak, 604 N.W.2d at 94.

The Minnesota Supreme Court has not specifically addressed whether an award of attorney's fees is substantive or procedural for choice-of-law purposes.  But, this Court is not without guidance – the Minnesota Supreme Court has defined substantive law as "that part of the law which creates, defines, and regulates rights," as opposed to procedural or remedial law, "which prescribes method[s] of enforcing the rights or obtaining redress for their invasion."  Meagher v. Kavli, 88 N.W.2d 871, 879-80 (1958).

In this Court's view, an award of attorney's fee relates to a remedy and therefore is procedural because it is "unrelated to the merits of the case."  See Zaretsky v. Molecular Biosys., Inc., 464 N.W.2d 546, 548 (Minn. Ct. App. 1990) (finding Minnesota's

5

prejudgment-interest statute procedural because it promoted early settlement between the litigants and was unrelated to the merits of the case). Moreover, Arkansas's "characterization of its own statute, while not dispositive because we are applying Minnesota law, is to be considered under the choice-of-law analysis used by the Minnesota courts." Nesladek, 46 F.3d at 736 (citing Myers v. Gov't Employees Ins. Co., 225 N.W.2d 238, 241 (Minn. 1974)). Notably, the Supreme Court of Arkansas considers the allowance of attorney's fees to be a procedural matter. USAA Life Ins. Co. v. Boyce, 745 S.W.2d 136, 138 (Ark. 1988). Indeed, "the Supreme Court of Arkansas has applied Arkansas law relating to attorney's fees and penalties where Arkansas is the forum, even where the law of another State governs substantive issues, including the interpretation of an insurance contract." Ferrell, 393 F.3d at 796-97 (citing Amer. Physicians Ins. Co. v. Hruska, 428 S.W.2d 622, 627-28 (Ark. 1968)). Therefore, the Court concludes that an award of attorney's fees is a procedural matter for conflict-of-law purposes. As a result, Minnesota law applies. See Nesladek, 46 F.3d at 736.

Under Minnesota law, "attorney fees are not recoverable in litigation unless there is a specific contract permitting [it] or a statute authorizing such recovery." Dunn v. Nat'l Beverage Corp., 745 N.W.2d 549, 554 (Minn. 2008). Here, there is no contractual authority that permits the recovery of attorney's fees. Further, no Minnesota statute specifically authorizes an award of attorney's fees in a breach-of-contract case. Accordingly, Bannister's motion for an award of attorney's fees must be denied.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Bannister's Motion for Attorney's Fees (Doc. No. 48) is **DENIED.**

Date: May 6, 2008

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge